1   BUCHALTER NEMER
    A Professional Corporation
2   RANDYE B. SOREF (SBN: 99146)
    KALLEY R. AMAN (SBN: 217337)
3   MICHAEL J MUSE-FISHER (SBN: 253232)
    1000 Wilshire Boulevard, Suite 1500
4   Los Angeles, CA 90017-2457
    Telephone: (213) 891-0700
5   Facsimile: (213) 896-0400
    Email: rsoref@buchalter.com
6
    MORRISON COHEN, LLP
7   Y. David Scharf
    909 Third Avenue
8   New York, NY 10022
    Telephone: (212) 735-8600
9   Facsimile: (212) 735-8708
    dscharf@morrisoncohen.com
10
    Attorneys for Defendants
11  MERIDIAN CAPITAL GROUP, INC. and
    MERIDIAN CAPITAL, LLC
12

13              UNITED STATES DISTRICT COURT

14              CENTRAL DISTRICT OF CALIFORNIA

15
                    CV11  0886  JHN  VBKx
16  ALEX KATZ,                      Case No.

17          Plaintiff,              [Los Angeles County Superior Court Case
                                    No. BC452180]
18      vs.
                                    **NOTICE OF REMOVAL ACTION**
19  MERIDIAN CAPITAL GROUP,         **UNDER  28 U.S.C., §§ 1332 & 1441**
    INC., a British Virgin Island   **[DIVERSITY]**
20  corporation; MERIDIAN CAPITAL
    GROUP, LLC, a limited liability
21  company; and DOES 1 through 100,
    inclusive,
22
            Defendants.
23

24

25  TO THE CLERK OF THE ABOVE ENTITLED COURT:

26      PLEASE TAKE NOTICE that, pursuant to 28 U.S.C., §§ 1332 and 1441,

27  Defendants Meridian Capital Group, Inc. ("Meridian Inc.") and Meridian Capital

28  Group, LLC ("Meridian LLC") hereby remove this action from the Superior Court

BUCHALTER NEMER
PROFESSIONAL CORPORATION
LOS ANGELES

BN 8128058v1                          1

1   of the State of California, County of Los Angeles, to the United States District

2   Court for the Central District of California and sets forth in support of its Notice of

3   Removal of Action the following:

4       1.    On December 30, 2010, an action was commenced in the Superior

5   court of the State of California, County of Los Angeles, entitled Katz v. Meridian

6   Capital Group, Inc., as Case Number BC452180.  True and correct copies of the

7   complaint (the "Complaint") and summons in that action are attached hereto as

8   **Exhibits A** and **B**, respectively.

9       2.    On January 21, 2011, Plaintiff Alex Katz ("Katz") filed proofs of

10   service as to the two named defendants.  True and correct copies of those proofs of

11   service are attached hereto as **Exhibit C**.

12       3.    According to the proof of service relating to Meridian Inc., Katz

13   served Meridian Inc. on December 30, 2011.

14       4.    According to the proof of service relating to Meridian LLC, Katz

15   served Meridian LLC on January 6, 2011.

16       5.    The Complaint alleges, among other things, that Meridian Inc. and

17   Meridian LLC breached its contract with Katz by failing to pay him over $100,000

18   in compensation.

19       6.    Katz's Complaint alleges that he is a California resident, residing in

20   the County of Los Angeles.

21       7.    Defendant Meridian LLC is, and at all relevant times was, a limited

22   liability company organized and existing under the laws of the State of Delaware,

23   with its principal place of business in the State of New York.  Meridian LLC is not,

24   and was not at any relevant time, a citizen of the State of California, nor are any of

25   Meridian LLC's members.

26       8.    Defendant Meridian Inc. is and at all relevant times was, a corporation

27   incorporated under the laws of the British Virgin Islands.  Meridian Inc.'s principal

28   place of business is in the State of New York.

9.     The Complaint also names Defendants Does 1 through 100.  Pursuant to U.S.C. § 1441(a), the citizenship of these defendants is disregarded.

10.     This is a civil action over which the Court has original jurisdiction under the provisions of 28 U.S.C. § 1332 and may be removed to this Court by the Defendants pursuant to the provisions of 28 U.S.C. § 1441(a),(b) because it is a civil action between citizens of different states and the matter in controversy herein exceeds the sum or value of $75,000, exclusive of interest and costs.

11.     This Notice of Removal is being filed within thirty (30) days of service on the first-served defendant.  Thus, this Notice of Removal is timely filed under 28 U.S.C. § 1446(b).

12.     Removal to this Court is proper as the Superior Court of the State of California, County of Los Angeles, where this action was originally filed, is located within this district.

13.     Counsel for Meridian Inc. and Meridian LLC certifies that it will file a copy of this Notice of Removal with the Clerk of the Superior Court of the State of California, County of Los Angeles, and give notice of same to counsel for Katz.

DATED: January 27, 2011

BUCHALTER NEMER
A Professional Corporation


By: _____
RANDYE B. SOREF
KALLEY R. AMAN
Attorneys for Defendants
MERIDIAN CAPITAL GROUP, INC.
and MERIDIAN CAPITAL, LLC

# EXHIBIT A

| | |
|---|---|
| **SUMMONS**<br>*(CITACION JUDICIAL)* | **SUM-100** |



**FOR COURT USE ONLY**
**CONFORMED COPY**
**ORIGINAL FILED**
SUPERIOR COURT OF CALIFORNIA
COUNTY OF LOS ANGELES

**DEC 30 2010**

John A. Clarke, Executive Officer/Clerk

BY _____, Deputy
Shaunya Wesley

**NOTICE TO DEFENDANT:**
*(AVISO AL DEMANDADO):*
MERIDIAN CAPITAL GROUP, INC., a British Virgin Islands
corporation; MERIDIAN CAPITAL GROUP, LLC, a limited
liability company; and Does 1 through 100, inclusive

**YOU ARE BEING SUED BY PLAINTIFF:**
*(LO ESTÁ DEMANDANDO EL DEMANDANTE):*
Alex Katz

**NOTICE!** You have been sued. The court may decide against you without your being heard unless you respond within 30 days. Read the information below.

You have 30 CALENDAR DAYS after this summons and legal papers are served on you to file a written response at this court and have a copy served on the plaintiff. A letter or phone call will not protect you. Your written response must be in proper legal form if you want the court to hear your case. There may be a court form that you can use for your response. You can find these court forms and more information at the California Courts Online Self-Help Center (www.courtinfo.ca.gov/selfhelp), your county law library, or the courthouse nearest you. If you cannot pay the filing fee, ask the court clerk for a fee waiver form. If you do not file your response on time, you may lose the case by default, and your wages, money, and property may be taken without further warning from the court.

There are other legal requirements. You may want to call an attorney right away. If you do not know an attorney, you may want to call an attorney referral service. If you cannot afford an attorney, you may be eligible for free legal services from a nonprofit legal services program. You can locate these nonprofit groups at the California Legal Services Web site (www.lawhelpcalifornia.org), the California Courts Online Self-Help Center (www.courtinfo.ca.gov/selfhelp), or by contacting your local court or county bar association. NOTE: The court has a statutory lien for waived fees and costs on any settlement or arbitration award of $10,000 or more in a civil case. The court's lien must be paid before the court will dismiss the case.

*¡AVISO! Lo han demandado. Si no responde dentro de 30 días, la corte puede decidir en su contra sin escuchar su versión. Lea la información a continuación.*

*Tiene 30 DÍAS DE CALENDARIO después de que le entreguen esta citación y papeles legales para presentar una respuesta por escrito en esta corte y hacer que se entregue una copia al demandante. Una carta o una llamada telefónica no lo protegen. Su respuesta por escrito tiene que estar en formato legal correcto si desea que procesen su caso en la corte. Es posible que haya un formulario que usted pueda usar para su respuesta. Puede encontrar estos formularios de la corte y más información en el Centro de Ayuda de las Cortes de California (www.sucorte.ca.gov), en la biblioteca de leyes de su condado o en la corte que le quede más cerca. Si no puede pagar la cuota de presentación, pida al secretario de la corte que le dé un formulario de exención de pago de cuotas. Si no presenta su respuesta a tiempo, puede perder el caso por incumplimiento y la corte le podrá quitar su sueldo, dinero y bienes sin más advertencia.*

*Hay otros requisitos legales. Es recomendable que llame a un abogado inmediatamente. Si no conoce a un abogado, puede llamar a un servicio de remisión a abogados. Si no puede pagar a un abogado, es posible que cumpla con los requisitos para obtener servicios legales gratuitos de un programa de servicios legales sin fines de lucro. Puede encontrar estos grupos sin fines de lucro en el sitio web de California Legal Services, (www.lawhelpcalifornia.org), en el Centro de Ayuda de las Cortes de California, (www.sucorte.ca.gov) o poniéndose en contacto con la corte o el colegio de abogados locales. AVISO: Por ley, la corte tiene derecho a reclamar las cuotas y los costos exentos por imponer un gravamen sobre cualquier recuperación de $10,000 ó más de valor recibida mediante un acuerdo o una concesión de arbitraje en un caso de derecho civil. Tiene que pagar el gravamen de la corte antes de que la corte pueda desechar el caso.*

| | |
|---|---|
| The name and address of the court is:<br>*El nombre y dirección de la corte es):*<br>Los Angeles Superior Court<br>111 N. Hill Street<br>Los Angeles, California 90012 | **CASE NUMBER:** *(Número del Caso):*<br>BC452180 |

The name, address, and telephone number of plaintiff's attorney, or plaintiff without an attorney, is:
*El nombre, la dirección y el número de teléfono del abogado del demandante, o del demandante que no tiene abogado, es):*
Don A. Hernandez, SBN#125119       Hernandez, Schaedel & Associates LLP
2 North Lake Avenue, Suite 930       (626) 440-0022
Pasadena, CA 91101

| DATE:<br>*Fecha)*  **DEC 30 2010** | Clerk, by<br>*(Secretario)*  **Shaunya Wesley** | , Deputy<br>*(Adjunto)* |
|---|---|---|

*(For proof of service of this summons, use Proof of Service of Summons (form POS-010).)*
*Para prueba de entrega de esta citación use el formulario Proof of Service of Summons, (POS-010)).*

**NOTICE TO THE PERSON SERVED:** You are served

[SEAL]

1. [ ] as an individual defendant.
2. [ ] as the person sued under the fictitious name of *(specify):*

3. [ ] on behalf of *(specify):*
   under: [ ] CCP 416.10 (corporation)        [ ] CCP 416.60 (minor)
          [ ] CCP 416.20 (defunct corporation)  [ ] CCP 416.70 (conservatee)
          [ ] CCP 416.40 (association or partnership)  [ ] CCP 416.90 (authorized person)
          [ ] other *(specify):*
4. [ ] by personal delivery on *(date):*

| | | |
|---|---|---|
| | | Page 1 of 1 |
| Form Adopted for Mandatory Use<br>Judicial Council of California<br>SUM-100 [Rev. July 1, 2009] | Martin Dean's<br>**ESSENTIAL FORMS™** | **SUMMONS** Code of Civil Procedure §§ 412.20, 465<br>www.courtinfo.ca.gov |

Katz, Alex

CM-010

| ATTORNEY OR PARTY WITHOUT ATTORNEY (Name, State Bar number, and address): | FOR COURT USE ONLY |
|---|---|
| Don A. Hernandez                              125119<br>Hernandez, Schaedel & Associates LLP<br>2 North Lake Avenue, Suite 930<br>Pasadena, CA 91101<br>TELEPHONE NO.: (626) 440-0022    FAX NO.: (626) 628-1725<br>ATTORNEY FOR (Name): Plaintiff, Alex Katz | **CONFORMED COPY**<br>ORIGINAL FILED<br>SUPERIOR COURT OF CALIFORNIA<br>COUNTY OF LOS ANGELES<br><br>DEC 30 2010<br><br>John A. Clarke, Executive Officer/Clerk<br>BY _____, Deputy<br>Shaunya Wesley |

SUPERIOR COURT OF CALIFORNIA, COUNTY OF Los Angeles
STREET ADDRESS: 111 N. Hill Street
MAILING ADDRESS:
CITY AND ZIP CODE: Los Angeles, California 90012
BRANCH NAME: Central

CASE NAME: Katz v. Meridian Capital Group, Inc., et al

| CIVIL CASE COVER SHEET | Complex Case Designation | CASE NUMBER: BC452180 |
|---|---|---|
| [X] Unlimited  [ ] Limited<br>(Amount      (Amount<br>demanded   demanded is<br>exceeds $25,000)  $25,000 or less) | [ ] Counter  [ ] Joinder<br>Filed with first appearance by defendant<br>(Cal. Rules of Court, rule 3.402) | JUDGE:<br><br>DEPT.: |

Items 1–6 below must be completed (see instructions on page 2).

1. Check one box below for the case type that best describes this case:

**Auto Tort**
[ ] Auto (22)
[ ] Uninsured motorist (46)

**Other PI/PD/WD (Personal Injury/Property Damage/Wrongful Death) Tort**
[ ] Asbestos (04)
[ ] Product liability (24)
[ ] Medical malpractice (45)
[ ] Other PI/PD/WD (23)

**Non-PI/PD/WD (Other) Tort**
[ ] Business tort/unfair business practice (07)
[ ] Civil rights (08)
[ ] Defamation (13)
[ ] Fraud (16)
[ ] Intellectual property (19)
[ ] Professional negligence (25)
[ ] Other non-PI/PD/WD tort (35)

**Employment**
[ ] Wrongful termination (36)
[X] Other employment (15)

**Contract**
[ ] Breach of contract/warranty (06)
[ ] Rule 3.740 collections (09)
[ ] Other collections (09)
[ ] Insurance coverage (18)
[ ] Other contract (37)

**Real Property**
[ ] Eminent domain/Inverse condemnation (14)
[ ] Wrongful eviction (33)
[ ] Other real property (26)

**Unlawful Detainer**
[ ] Commercial (31)
[ ] Residential (32)
[ ] Drugs (38)

**Judicial Review**
[ ] Asset forfeiture (05)
[ ] Petition re: arbitration award (11)
[ ] Writ of mandate (02)
[ ] Other judicial review (39)

**Provisionally Complex Civil Litigation (Cal. Rules of Court, rules 3.400–3.403)**
[ ] Antitrust/Trade regulation (03)
[ ] Construction defect (10)
[ ] Mass tort (40)
[ ] Securities litigation (28)
[ ] Environmental/Toxic tort (30)
[ ] Insurance coverage claims arising from the above listed provisionally complex case types (41)

**Enforcement of Judgment**
[ ] Enforcement of judgment (20)

**Miscellaneous Civil Complaint**
[ ] RICO (27)
[ ] Other complaint (not specified above) (42)

**Miscellaneous Civil Petition**
[ ] Partnership and corporate governance (21)
[ ] Other petition (not specified above) (43)

2. This case [ ] is  [X] is not  complex under rule 3.400 of the California Rules of Court. If the case is complex, mark the factors requiring exceptional judicial management:
   a. [ ] Large number of separately represented parties
   b. [ ] Extensive motion practice raising difficult or novel issues that will be time-consuming to resolve
   c. [ ] Substantial amount of documentary evidence
   d. [ ] Large number of witnesses
   e. [ ] Coordination with related actions pending in one or more courts in other counties, states, or countries, or in a federal court
   f. [ ] Substantial postjudgment judicial supervision
3. Remedies sought (check all that apply): a. [X] monetary  b. [X] nonmonetary; declaratory or injunctive relief  c. [X] punitive
4. Number of causes of action (specify):
5. This case [ ] is  [X] is not  a class action suit.
6. If there are any known related cases, file and serve a notice of related case. (You may use form CM-015.)

Date: December 30, 2010

Alexandra M. Steinberg, Esq.
(TYPE OR PRINT NAME)                    ▶ _Alexandra M. Steinberg_ (SIGNATURE OF PARTY OR ATTORNEY FOR PARTY)

**NOTICE**
- Plaintiff must file this cover sheet with the first paper filed in the action or proceeding (except small claims cases or cases filed under the Probate Code, Family Code, or Welfare and Institutions Code). (Cal. Rules of Court, rule 3.220.) Failure to file may result in sanctions.
- File this cover sheet in addition to any cover sheet required by local court rule.
- If this case is complex under rule 3.400 et seq. of the California Rules of Court, you must serve a copy of this cover sheet on all other parties to the action or proceeding.
- Unless this is a collections case under rule 3.740 or a complex case, this cover sheet will be used for statistical purposes only.

Page 1 of 2

Form Adopted for Mandatory Use
Judicial Council of California
CM-010 [Rev. July 1, 2007]

Martin Dean's
ESSENTIAL FORMS™

**CIVIL CASE COVER SHEET**

Cal. Rules of Court, rules 2.30, 3.220, 3.400–3.403, 3.740;
Cal. Standards of Judicial Administration, std. 3.10
www.courtinfo.ca.gov

Katz, Alex

 

CM-010

## INSTRUCTIONS ON HOW TO COMPLETE THE COVER SHEET

**To Plaintiffs and Others Filing First Papers.** If you are filing a first paper (for example, a complaint) in a civil case, you **must** complete and file, along with your first paper, the *Civil Case Cover Sheet* contained on page 1. This information will be used to compile statistics about the types and numbers of cases filed. You must complete items 1 through 6 on the sheet. In item 1, you must check one box for the case type that best describes the case. If the case fits both a general and a more specific type of case listed in item 1, check the more specific one. If the case has multiple causes of action, check the box that best indicates the **primary** cause of action. To assist you in completing the sheet, examples of the cases that belong under each case type in item 1 are provided below. A cover sheet must be filed only with your initial paper. Failure to file a cover sheet with the first paper filed in a civil case may subject a party, its counsel, or both to sanctions under rules 2.30 and 3.220 of the California Rules of Court.

**To Parties in Rule 3.740 Collections Cases.** A "collections case" under rule 3.740 is defined as an action for recovery of money owed in a sum stated to be certain that is not more than $25,000, exclusive of interest and attorney's fees, arising from a transaction in which property, services, or money was acquired on credit. A collections case does not include an action seeking the following: (1) tort damages, (2) punitive damages, (3) recovery of real property, (4) recovery of personal property, or (5) a prejudgment writ of attachment. The identification of a case as a rule 3.740 collections case on this form means that it will be exempt from the general time-for-service requirements and case management rules, unless a defendant files a responsive pleading. A rule 3.740 collections case will be subject to the requirements for service and obtaining a judgment in rule 3.740.

**To Parties in Complex Cases.** In complex cases only, parties must also use the *Civil Case Cover Sheet* to designate whether the case is complex. If a plaintiff believes the case is complex under rule 3.400 of the California Rules of Court, this must be indicated by completing the appropriate boxes in items 1 and 2. If a plaintiff designates a case as complex, the cover sheet must be served with the complaint on all parties to the action. A defendant may file and serve no later than the time of its first appearance a joinder in the plaintiff's designation, a counter-designation that the case is not complex, or, if the plaintiff has made no designation, a designation that the case is complex.

### CASE TYPES AND EXAMPLES

**Auto Tort**
Auto (22)-Personal Injury/Property
Damage/Wrongful Death
Uninsured Motorist (46) *(if the
case involves an uninsured
motorist claim subject to
arbitration, check this item
instead of Auto)*

**Other PI/PD/WD (Personal Injury/
Property Damage/Wrongful Death)
Tort**
Asbestos (04)
Asbestos Property Damage
Asbestos Personal Injury/
Wrongful Death
Product Liability *(not asbestos or
toxic/environmental)* (24)
Medical Malpractice (45)
Medical Malpractice–
Physicians & Surgeons
Other Professional Health Care
Malpractice
Other PI/PD/WD (23)
Premises Liability (e.g., slip
and fall)
Intentional Bodily Injury/PD/WD
(e.g., assault, vandalism)
Intentional Infliction of
Emotional Distress
Negligent Infliction of
Emotional Distress
Other PI/PD/WD

**Non-PI/PD/WD (Other) Tort**
Business Tort/Unfair Business
Practice (07)
Civil Rights (e.g., discrimination,
false arrest) *(not civil
harassment)* (08)
Defamation (e.g., slander, libel)
(13)
Fraud (16)
Intellectual Property (19)
Professional Negligence (25)
Legal Malpractice
Other Professional Malpractice
*(not medical or legal)*
Other Non-PI/PD/WD Tort (35)

**Employment**
Wrongful Termination (36)
Other Employment (15)

**Contract**
Breach of Contract/Warranty (06)
Breach of Rental/Lease
Contract *(not unlawful detainer
or wrongful eviction)*
Contract/Warranty Breach-Seller
Plaintiff *(not fraud or negligence)*
Negligent Breach of Contract/
Warranty
Other Breach of Contract/Warranty
Collections (e.g., money owed, open
book accounts) (09)
Collection Case-Seller Plaintiff
Other Promissory Note/Collections
Case
Insurance Coverage *(not provisionally
complex)* (18)
Auto Subrogation
Other Coverage
Other Contract (37)
Contractual Fraud
Other Contract Dispute

**Real Property**
Eminent Domain/Inverse
Condemnation (14)
Wrongful Eviction (33)
Other Real Property (e.g., quiet title) (26)
Writ of Possession of Real Property
Mortgage Foreclosure
Quiet Title
Other Real Property *(not eminent
domain, landlord/tenant, or
foreclosure)*

**Unlawful Detainer**
Commercial (31)
Residential (32)
Drugs (38) *(if the case involves illegal
drugs, check this item; otherwise,
report as Commercial or Residential)*

**Judicial Review**
Asset Forfeiture (05)
Petition Re: Arbitration Award (11)
Writ of Mandate (02)
Writ-Administrative Mandamus
Writ-Mandamus on Limited Court
Case Matter
Writ-Other Limited Court Case
Review
Other Judicial Review (39)
Review of Health Officer Order
Notice of Appeal-Labor
Commissioner Appeals

**Provisionally Complex Civil Litigation (Cal.
Rules of Court Rules 3.400-3.403)**
Antitrust/Trade Regulation (03)
Construction Defect (10)
Claims Involving Mass Tort (40)
Securities Litigation (28)
Environmental/Toxic Tort (30)
Insurance Coverage Claims
*(arising from provisionally complex
case type listed above)* (41)

**Enforcement of Judgment**
Enforcement of Judgment (20)
Abstract of Judgment (Out of
County)
Confession of Judgment *(non-
domestic relations)*
Sister State Judgment
Administrative Agency Award
*(not unpaid taxes)*
Petition/Certification of Entry of
Judgment on Unpaid Taxes
Other Enforcement of Judgment
Case

**Miscellaneous Civil Complaint**
RICO (27)
Other Complaint *(not specified
above)* (42)
Declaratory Relief Only
Injunctive Relief Only *(non-
harassment)*
Mechanics Lien
Other Commercial Complaint
Case *(non-tort/non-complex)*
Other Civil Complaint
*(non-tort/non-complex)*

**Miscellaneous Civil Petition**
Partnership and Corporate
Governance (21)
Other Petition *(not specified
above)* (43)
Civil Harassment
Workplace Violence
Elder/Dependent Adult
Abuse
Election Contest
Petition for Name Change
Petition for Relief from Late
Claim
Other Civil Petition

CM-010 [Rev. July 1, 2007]

**CIVIL CASE COVER SHEET**

Page 2 of 2

*Martin Dean's*
**ESSENTIAL FORMS™**

Katz, Alex

# EXHIBIT B

CONFORMED COPY
ORIGINAL FILED
SUPERIOR COURT OF CALIFORNIA
COUNTY OF LOS ANGELES

DEC 3 0 2010

John A. Clarke, Executive Officer/Clerk
BY_____, Deputy
Shaunya Wesley

1   Don A. Hernandez (SBN 125119)
    Alexandra M. Steinberg (SBN 227427)
2   Hernandez, Schaedel & Associates, LLP
    2 North Lake Avenue, Suite 930
3   Pasadena, CA  91101
    Telephone: (626) 440-0033
4   Facsimile: (626) 628-1725

5   Attorneys for Plaintiff ALEX KATZ

6

7

8               SUPERIOR COURT OF THE STATE OF CALIFORNIA

9           FOR THE COUNTY OF LOS ANGELES - CENTRAL DISTRICT

10                                              BC452180

11  ALEX KATZ,                          Case No.:

12              Plaintiff,              COMPLAINT FOR DAMAGES AND
                                        EQUITABLE AND DECLARATORY
13         vs.                          RELIEF

14  MERIDIAN CAPITAL GROUP, INC., a British    1)  Breach of Contract
    Virgin Islands corporation; MERIDIAN       2)  Breach of Implied Covenant Of Good
15  CAPITAL GROUP, LLC, a limited liability         Faith And Fair Dealing
    company, and DOES 1 through 100, inclusive,  3)  Violation of Labor Code §970
16                                              4)  Wrongful Termination In Violation Of
                Defendants.                         Public Policy
17                                              5)  Failure To Pay Wages (LC §§201, 202,
                                                    218)
18                                              6)  Waiting Time Wage Continuation
                                                    (LC §203)
19                                              7)  Violation of Business & Professions
                                                    Code §17200
20                                              8)  Declaratory Relief

21                                          DEMAND FOR JURY TRIAL

22                                          Complaint Filed:   November 30, 2010
                                            Trial Date:        None Set
23

24

25

26

27

28

COMPLAINT FOR DAMAGES AND EQUITABLE AND DECLARATORY RELIEF

1   Plaintiff ALEX KATZ makes the following allegations to support this Complaint:

2   **JURISDICTION AND VENUE**

3   1.   This Court has personal jurisdiction over the Defendants because all or some of them

4   are citizens of the State of California, and the actions that gave rise to this Complaint took place in

5   Los Angeles County, California.

6   2.   Venue is proper in this county in accordance with Section 395(a) of the California

7   Code of Civil Procedure because the defendants, or some of them, reside in this county and the

8   alleged wrongs occurred in this county.

9   **PARTIES**

10   3.   Plaintiff ALEX KATZ is, at all times relevant herein was, a resident of the County of

11   Los Angeles, State of California.

12   4.   Plaintiff is informed and believes, and based thereon alleges, that Defendant

13   MERIDIAN CAPITAL GROUP, INC. at all times relevant herein was a corporation incorporated

14   under the laws of the British Virgin Islands, and a citizen of California with its principal place of

15   business and Managing Director in Los Angeles County, California.

16   5.   Plaintiff is informed and believes, and based thereon alleges, Defendant MERIDIAN

17   CAPITAL GROUP, LLC at all times relevant herein was a Limited Liability Company doing

18   business in Los Angeles County, California, but unregistered with the California Secretary of State.

19   6.   The true names and capacities of the Defendants sued herein as DOES 1 through 100,

20   inclusive, are unknown to Plaintiff, who therefore sues these Defendants by such fictitious names.

21   Plaintiff will ask leave of the Court to amend this Complaint to show their true names and capacities

22   when same have been ascertained.  Plaintiff is informed and believes, and thereon alleges, that each

23   of the cross-defendants herein designated as a DOE proximately caused the injuries and damages to

24   Plaintiff as hereinafter alleged.

25   7.   Plaintiff is informed and believes, and thereon alleges, that each of the Defendants

26   designated herein as a DOE is legally responsible in some manner for the events and happenings

27   herein referred to, and negligently, wantonly, recklessly, tortiously and/or unlawfully proximately

28   caused the injuries and damages thereby to Plaintiff as herein alleged.

1

COMPLAINT FOR DAMAGES AND EQUITABLE AND DECLARATORY RELIEF

8.      Plaintiff is informed and believes, and based thereon alleges, that at all times relevant herein, Defendants MERIDIAN CAPITAL GROUP, INC., MERIDIAN CAPITAL GROUP, LLC, (together, "Meridian" except as otherwise indicated herein) and Does 1 through 100, and each of them, were the agents, representatives, successors and/or assigns, each of the other and at all times pertinent hereto were acting within the course and scope course and scope of their authority as such agents, representatives, employees, successors, and/or assigns and with the permission, consent, and approval, or subsequent ratification, of each of the other Defendants.

9.      Plaintiff is informed and believes, and based thereon alleges, that at all times relevant herein, one or more named and/or unnamed Defendants was in some fashion, by contract or otherwise, the successors, assigns, joint-venturers, co-venturers or partners or one or more of the remaining named and/or unnamed Defendants, and as hereinafter alleged, was acting within that capacity.

10.     Plaintiff is informed and believes, and based thereon alleges, that at all relevant times herein, one or more named and/or unnamed Defendants was in some fashion, by contract or otherwise, the assured, insured, underwriter, bondsman, indemnitor, or guarantor of one or more of the remaining named and/or unnamed Defendants for the acts alleged herein and was acting within that capacity.

11.     At all times mentioned herein, Defendants MERIDIAN CAPITAL GROUP, INC., MERIDIAN CAPITAL GROUP, LLC, and DOES 1 through 100, and each of them, are, and at all relevant times herein were, employers within the meaning of Labor Code §§200 et seq., 500 et seq., 1171 et seq., 2698 *et seq.*, and IWC Wage Order No. 4.

12.     Plaintiff is informed and believes and thereon alleges that there exists, and at all times herein mentioned there existed a unity of interest and ownership between Defendants MERIDIAN CAPITAL GROUP, INC. and MERIDIAN CAPITAL GROUP, LLC. Plaintiff is informed and believes and thereon alleges that any individuality and separateness between MERIDIAN CAPITAL GROUP, INC. and MERIDIAN CAPITAL GROUP, LLC has ceased and they are alter egos of each other. Plaintiff is informed and believes, and based thereon alleges, that MERIDIAN CAPITAL GROUP, INC. holds itself out to the world as MERIDIAN CAPITAL GROUP, LLC., with

1  MERIDIAN CAPITAL GROUP, LLC's approval, and vice versa. Plaintiff is informed and believes,

2  and thereon alleges, that MERIDIAN CAPITAL GROUP, LLC owns and controls most, if not all

3  shares of MERIDIAN CAPITAL GROUP, INC. Plaintiff is informed and believes, and based

4  thereon alleges, that MERIDIAN CAPITAL GROUP, INC. regularly ignores corporate formalities,

5  and the two companies intermingle assets, using MERIDIAN CAPITAL GROUP, INC.'s leased

6  property (for example, MERIDIAN CAPITAL GROUP, LLC signed a guarantee on the lease for

7  MERIDIAN CAPITAL GROUP, INC's office space in Los Angeles, Califonria), accounts, and name

8  for MERIDIAN CAPITAL GROUP, LLC's purposes, and vice versa, such that there is no distinction

9  between the two. Indeed, Plaintiff's offer letter for his employment with MERIDIAN CAPITAL

10  GROUP, INC. was made by MERIDIAN CAPITAL GROUP, LLC. Plaintiff is informed and

11  believes, and thereon alleges, that MERIDIAN CAPITAL GROUP, INC. is in the process of winding

12  down such that it could avoid satisfying its debt for wages and other damages due and owing to

13  Plaintiff and to frustrate Plaintiff's right to obtain said wages and damages.

14        13.    Adherence to the fiction of the separate existence of MERIDIAN CAPITAL GROUP,

15  INC. as an entity distinct from MERIDIAN CAPITAL GROUP, LLC would permit an abuse of the

16  corporate privilege and would sanction a fraud or promote injustice. Plaintiff is informed and

17  believes, and based thereon alleges, that because MERIDIAN CAPITAL GROUP, LLC dominates

18  the affairs of MERIDIAN CAPITAL GROUP, INC., it has the ability to frustrate judgments awarded

19  against one by shifting assets between the two companies.

20                    **EXHAUSTION OF ADMINISTRATIVE REMEDIES**

21        14.    Plaintiff is in the process of exhausting his administrative remedies pursuant to the

22  Private Attorney General Act, Labor Code §2698 *et seq.* Plaintiff is awaiting a response to his

23  complaint to the Labor and Workforce Development Agency and as a matter of right will amend his

24  Complaint once the same is received.

25                       **FACTS COMMON TO ALL COUNTS**

26  **The 2006 Contract**

27        15.    Plaintiff Katz began his employment with MERIDIAN CAPITAL GROUP, LLC ("the

28  LLC") in or about April 2006 as Managing Director of the LLC's Texas office. Plaintiff and the LLC

3

entered into a written employment contract ("the 2006 Contract") for the period of time from September 1, 2006 through August 31, 2008, with an option to extend the contract for a third year. Katz' compensation as set forth in the contract was an annual salary of $200,000.00, with a performance based non-discretionary bonus, benefits, and relocation expenses from his home in New Jersey. Katz moved his family to the Dallas area, purchased a home there, and performed his duties satisfactorily, if not exceptionally, for the next year.

**The 2007 Contract**

16. In June 2007, before the 2006 Contract had expired, Meridian offered Plaintiff a position with MERIDIAN CAPITAL GROUP, INC. as the Managing Director of its Los Angeles, California office, which was a promotion from his prior position. As Managing Director of the Los Angeles Office, Katz' responsibilities would be to manage all aspects of the business in California, including without limitation the hiring, firing, and supervision of employees, brokers, and consultants, generating large loan volume, and ensuring compliance with local regulations. Katz expressed his concerns with moving his family (the second time in a year) to Los Angeles where the cost of living, especially housing, was extraordinarily higher. Meridian induced Katz to move to Los Angeles by promising him:

- Katz would have complete control of the L.A. Office – the office was his to do as he saw fit;
- A base salary increase of 75%, to $350,000 per year, to be renegotiated after one year if net fees for the L.A. Office exceeded $4 million, or to be reduced to $325,000 per year if the net fees were less than $4 million;
- Commissions of 25 bps on loans originated and closed by Katz;
- A Los Angeles Office override of 10 bps for the first $4 million in net fees collected, and 15 bps for net fees collected over $4 million (with these figures to be re-set annually);
- For the Texas Office that he was leaving, he would receive 25 bps for loans in the "pipeline" as of July 9, 2007;
- A discretionary bonus;

4

- Relocation expenses;
- A housing allowance of $10,000 per month "to provide you as close as possible with your existing level of comfort for your family of 5 and live-in housekeeper", to be renegotiated after one year;
- Up to a $20,000 security deposit on the rental of a home in California;
- Benefits similar to those he had under the 2006 Contract (e.g., 100% of the cost of health insurance premiums, cell phone).

17.     In reliance upon these promises, on or about June 25, 2007, Katz agreed to take the position, and to sell his home in Texas and move his family to Los Angeles, and signed the written contract containing these promises ("the 2007 Contract"). The 2007 Contract required Katz to move immediately – by July 9, 2007, just two weeks after the offer was made. The contract specifically contemplated Katz selling his home in Texas, and even provided that if the sale resulted in a tax benefit above what it would have cost him to carry the house, then the net tax benefit would be applied toward the California housing allowance.

18.     The contract also specifically provided that if Meridian were to terminate Katz' employment without cause, Meridian would pay Katz the balance of his base compensation and benefits ("i.e. housing allowance, health benefits, etc...") through the one year anniversary date of the 2007 Contract, as well as commissions and bonus earned for new origination loans in process at such time of termination.

19.     The 2007 Contract specifically stated that the following events would constitute a termination without cause: "if (1) Meridian shall materially reduce the scope of [Katz'] responsibilities contemplated by the Agreement without cause, or (2) shall provide a hostile work environment without cause making it difficult for [him] to perform [his] obligations under this Agreement".

20.     The 2007 Contact further provided that, "In the event of a termination with or without cause, the non-solicitation agreement will remain in effect for a period of 12 months but the non-compete agreement except as to Clients of Meridian will have no further force or effect."

///

5

***The Confidentiality / Non-Solicitation / Non-Compete Agreement***

21.     Also on or about June 26, 2007, Meridian Capital Group, Inc. and Katz signed an "Employee Confidentiality / Non-Solicitation / Non-Compete Agreement" (hereinafter, "the Non-Compete Agreement"), which was referred to in the 2007 Contract with Meridian Capital Group, LLC.  The Non-Compete Agreement specifically defined the terms "Meridian", "Company", and "Firm", as used therein, to include "Meridian Capital Group LLC, Meridian Capital Holdings LLC, or Meridian Capital Group, Inc." and their affiliates.

22.     The Non-Compete Agreement set forth that, for a period of one year following the termination (for any reason) of Katz' employment, Katz would not directly or indirectly seek or solicit the placement or arrangement of a commercial mortgage in any state where Meridian or its affiliates do business; divert, call on, solicit, *or even communicate with* any entity or person with whom Meridian had a business relationship during Katz' employment, *or that Meridian even had any contact with* for three years prior to Katz' termination, for the purpose of obtaining business from them; or taking improper action, or approving of improper action, (against whom or what this means, or for what period of time is unspecified).  The Non-Compete Agreement also contained a provision that, from the date it was signed until "*forever thereafter*" (italics added), Katz would not use a broad spectrum of information, *even if the information should become known to the public or the trade*.

**Meridian Fails To Keep Promises And Strings Katz Along With Further False Promises**

23.     In or about July 2007, in reliance upon Meridian's promises Katz signed a lease on a house in the Los Angeles area for $12,000 per month in rent.  The lease had an option for a second year at $13,500 per month, which option had to be exercised in or about March 2008.  In reliance upon Meridian's representations that they would pay and continue to pay the monthly housing allowance, Katz entered into the lease and exercised the option in reliance upon the housing allowance promised to him in the 2007 Contract.

24.     However, in or about April 2008, about a month after Katz had obligated himself for the second year of the lease, Ralph Herzka, President of the LLC, told Katz that Meridian would no longer pay the $10,000 per month housing allowance because of Meridian cash flow issues.  Herzka promised that Meridian would make it up to Katz at the end of the year in the form of a bonus.  In

COMPLAINT FOR DAMAGES AND EQUITABLE AND DECLARATORY RELIEF

1    reliance upon the promise that he would continue to receive the housing allowance (even if it was at

2    year end), and in order to avoid paying the $13,500 monthly rent, Katz purchased the house for $2.6

3    million in or about July 2008.  Katz would not have purchased the house were it not for the

4    representations made by Meridian.

5          25.    Although Katz met his goal and generated approximately $4 million in profits in 2008,

6    Meridian failed to live up to its latest promise to Katz, and paid him no year-end bonus whatsoever.

7          26.    Further, contrary to its promises, Meridian materially altered the scope of Katz'

8    responsibility more and more.  Before Katz took over the Los Angeles Office, a number of other

9    Meridian employees had been rather unsuccessful in a similar role.  When he arrived, there was an

10    interim manager in the office from Florida, named Ben Grossman.  Although Katz was the Managing

11    Director, Grossman would take offense when Katz made decisions without Grossman.  Katz raised

12    the issue to Herzka, who informed Katz that he had to "work it out" with Grossman.  Meridian

13    substantially reduced Katz' scope of authority by allowing Grossman to inject himself into Katz'

14    decisions and not allowing Katz to make employment decisions with regard to Grossman.  It was by

15    no means Katz' place to do as he saw fit, as had been promised to him.

16    **The 2010 Amendment**

17          27.    Several months later, in or about summer 2009, Meridian management informed Katz

18    that Meridian was planning to change his salary to a commissions-based compensation plan.  Over

19    the course of the next few months, Katz and Meridian engaged in protracted negotiations.  Meridian

20    instructed Katz to provide a proposal for such changes.  Katz attempted to comply, and on numerous

21    occasions attempted to open discussions with executive management about possible alternatives.

22    Despite that Meridian had requested that Katz make such proposals, they simply ignored him or

23    failed to respond in a meaningful way.  Further, when they did respond, they made it clear that they

24    were substantially reducing the scope of Katz' authority to hire and fire employees, as they

25    specifically stated he could not make such decisions as to Grossman.  Over the course of the next few

26    months, it became apparent that  Meridian was losing its primary lending relationship with Sovereign

27    Bank, which eventually stopped lending in California.  As a result, the L.A. Office no longer had the

28    platform it did when Meridian induced Katz to move to Los Angeles, and the net fees in the L.A.

COMPLAINT FOR DAMAGES AND EQUITABLE AND DECLARATORY RELIEF

1   Office were substantially decreasing accordingly.  As a result, a commissions structure would be a

2   very substantially lower rate of compensation.  Although Katz considered walking away and leaving

3   Meridian, he had signed a non-competition agreement by which Meridian intended to try to prevent

4   Katz from working in the brokerage business.

5          28.     Stuck between the proverbial rock and a hard place, in January 2010, Katz agreed to a

6   modification of his compensation agreement ("the 2010 Amendment").  The 2010 Amendment

7   provided that Katz was to receive as compensation a $500,000 non-recoverable draw, plus 50 bps for

8   the first $3 million in office revenue, and 60 bps for revenue above $3 million.  However, Katz was

9   no longer entitled to an override of Grossman's accounts.  Katz was entitled to a car allowance of

10  $650 per month.  The 2010 Amendment was to modify the 2007 Contract only to the extent of those

11  things set forth in the Amendment.  In reliance upon the additional promises made by Meridian, Katz

12  entered into the 2010 Amendment with Meridian on or about January 18, 2010, which Amendment

13  carried a term of one year ending on December 31, 2010.

14  **Meridian Fails To Keep Its Promises In The 2010 Amendment**

15         29.     As with the other promises which Meridian kept making and then not living up to,

16  Meridian failed to keep its promises as set forth in the 2010 Agreement.  As a result of Meridian's

17  constant failure to pay the promised housing allowance, changing the fundamental nature of the

18  compensation plan in his employment agreement, curtailing his authority in the L.A. Office, and the

19  hostile environment it had allowed to ensue, Katz approached Herzka about the idea of working from

20  Israel, as other Meridian employees had previously done.  Herzka was receptive to the idea, and they

21  agreed to reduce the non-recoverable draw for such time as he would work from Israel.

22  Subsequently, Katz was concerned about he could cover his carrying costs of the home in Los

23  Angeles while in Israel, and further proposed the idea of alternatively selling the house and working

24  in the New York Office.  Herzka loved the idea, and they began negotiating various compensation

25  possibilities.  Herzka represented to Katz that Meridian would to work in the New York Office after

26  selling his house, for a non-recoverable draw of $250,000 (the same as was represented with regards

27  to Israel).  Herzka also specifically represented that until such time as the house was sold, the current

28

8

1  employment contract would remain in place.  Meridian did not put the new agreement in writing as

2  Herzka stated it would, but Herzka shook on the deal.

3        30.     In reliance upon the representations by Meridian, Katz marketed his house, and sold it

4  a few months later for a loss of approximately $500,000.  However, instead of living up to its

5  representations to Katz, in June 2010 Meridian stopped paying Katz his draw.  Katz was still

6  working, and tried to speak to Herzka about the situation, but Herzka kept blowing him off.  Two

7  months went by with no payment from Meridian whatsoever.  Finally, in or about August 2010

8  Herzka said he would pay Katz a $15,000 per month draw – over $25,000 per month less than the

9  written 2010 Amendment.  Meridian began paying Katz the draw in August, but began curtailing that

10  amount, reducing the gross amount by the cost of certain benefits that were supposed to be paid by

11  Meridian.  Finally, in November 2011, Meridian stopped providing Katz with any compensation or

12  certain benefits, even though he was still employed by Meridian.  On or about December 13, 2010,

13  even though he had clearly been constructively terminated, Katz tendered a letter of resignation and

14  formally ended the employment relationship.

15                       **FIRST CAUSE OF ACTION**

16                       **BREACH OF CONTRACT**

17                       **(Against all Defendants)**

18        31.     As a separate and distinct cause of action, Plaintiff re-alleges all the allegations in this

19  Complaint, and incorporates them by reference into this cause of action as though fully set forth

20  herein, excepting those allegations which are inconsistent with this cause of action.

21        32.     On or about June 25, 2007, Katz and Meridian entered into an employment agreement,

22  effective July 9, 2007, which, as described in paragraph 16, supra, provided:

23          •   Katz would have complete control of the L.A. Office – the office was his to do as

24             he saw fit;

25          •   A base salary increase of 75%, to $350,000 per year, to be renegotiated after one

26             year if net fees for the L.A. Office exceeded $4 million, or to be reduced to

27             $325,000 per year if the net fees were less than $4 million;

28          •   Commissions of 25 bps on loans originated and closed by Katz;

- A Los Angeles Office override of 10 bps for the first $4 million in net fees collected, and 15 bps for net fees collected over $4 million (with these figures to be re-set annually);

- For the Texas Office that he was leaving, he would receive 25 bps for loans in the "pipeline" as of July 9, 2007;

- A discretionary bonus;

- Relocation expenses;

- A housing allowance of $10,000 per month "to provide you as close as possible with your existing level of comfort for your family of 5 and live-in housekeeper", to be renegotiated after one year;

- Up to a $20,000 security deposit on the rental of a home in California;

- Benefits similar to those he had under the 2006 Contract (e.g., health insurance, cell phone).

33.    The 2007 Contract also specifically provided that if Meridian were to terminate Katz' employment without cause, Meridian would pay Katz the balance of his base compensation and benefits ("i.e. housing allowance, health benefits, etc...") through the one year anniversary date of the 2007 Contract, as well as commissions and bonus earned for new origination loans in process at such time of termination.  The 2007 Contract specifically stated that the following events would constitute a termination without cause: "if (1) Meridian shall materially reduce the scope of [Katz'] responsibilities contemplated by the Agreement without cause, or (2) shall provide a hostile work environment without cause making it difficult for [him] to perform [his] obligations under this Agreement".

34.    Katz performed all conditions, covenants, and promises required on his part to be performed in accordance with the terms and conditions of the 2007 Contract, except those conditions, covenants, and promises that were excused.

35.    In or about April 2008, Meridian stopped paying the $10,000 per month housing allowance.  Ralph Herzka, President of the LLC, promised that Meridian would make it up to Katz at the end of the year in the form of a bonus.  In reliance upon the promise that he would continue to

COMPLAINT FOR DAMAGES AND EQUITABLE AND DECLARATORY RELIEF

1   receive the housing allowance (even if it was at year end), and in order to avoid paying the $13,500

2   monthly rent, Katz purchased the house for $2.6 million in or about July 2008.  Katz would not have

3   purchased the house were it not for the representations made by Meridian.

4          36.     Further, Meridian substantially curtailed Katz' scope of authority, and did not allow

5   him "complete control" of the Los Angeles Office.  Rather, he was required to share management of

6   the office with Ben Grossman, an interim manager who was made a Director of the Los Angeles

7   Office.  Further, when they did respond, they made it clear that they were substantially reducing the

8   scope of Katz' authority to hire and fire employees, as they specifically stated he could not make

9   such decisions as to Grossman.  Despite the hostile work environment that Meridian had allowed to

10  ensue, Katz continued to perform his obligations under the contract, or was excused from doing so.

11         37.     On or about January 18, 2010, Meridian and Katz agreed to a modification ("the 2010

12  Amendment") of the prior 2007 Contract.  The 2010 Amendment provided that Katz was to receive

13  as compensation a $500,000 non-recoverable draw, plus 50 bps for the first $3 million in office

14  revenue, and 60 bps for revenue above $3 million.  However, Katz was no longer entitled to an

15  override of Grossman's accounts.  Katz was entitled to a car allowance of $650 per month.  The 2010

16  Amendment was to modify the 2007 Contract only to the extent of those things set forth in the

17  Amendment.  The 2010 Amendment carried a term of one year ending on December 31, 2010.

18         38.     In or about June 2010, Meridian stopped paying Katz his draw.  In August 2010, it

19  began paying him a draw of only $15,000, which was over $25,000 less than set forth in the 2010

20  Amendment.  From August to November 2010, Meridian stopped providing Katz with benefits such

21  as his cell phone and car allowance.  In November 2010, Meridian stopped providing Katz with any

22  compensation or benefits.

23         39.     By failing to provide Katz with the housing allowance, by failing to pay his non-

24  recoverable draw, and by failing to provide him with the benefits called for in the contracts, Meridian

25  breached the 2007 Contract and 2010 Amendment.  Further, by materially changing the scope of his

26  responsibilities and allowing a hostile work environment, Meridian terminated Katz' employment

27  without cause, and failed to pay him his draw for the remainder of the contract, thereby breaching the

28  2007 Contract and 2010 Amendment.

COMPLAINT FOR DAMAGES AND EQUITABLE AND DECLARATORY RELIEF

40.     As a result of Ds' breaches, P has been damaged in a sum not yet ascertained but in excess of the minimum jurisdiction of this court.

## SECOND CAUSE OF ACTION

### BREACH OF IMPLIED COVENANT OF GOOD FAITH AND FAIR DEALING

### (Against All Defendants)

41.     As a separate and distinct cause of action, Plaintiff re-alleges all the allegations in this Complaint, and incorporates them by reference into this cause of action as though fully set forth herein, excepting those allegations which are inconsistent with this cause of action.

42.     In every contract, there is an implied covenant of good faith and fair dealing.  This implied covenant obligates each party to discharge their obligations under contract fairly and in good faith, so as not to injure the right of the other party to receive the benefits of the contract.

43.     On or about June 25, 2007, Plaintiff entered into a written employment contract with Meridian, effective July 9, 2007.  On or about January 18, 2010, Plaintiff entered into a written amendment to the contract with Meridian.

44.     A material benefit of the employment contracts with Meridian was the written, oral, and implied agreements for the compensation, benefits, and scope of work authority as Managing Director of the Los Angeles Office provided for therein.

45.     Under the 2007 Contract and the 2010 Amendment, Plaintiff was entitled to a salary of $29,166.67 per month in 2007, 2008, and 2009, a non-recoverable draw of $41,666.67 per month in 2010, a housing allowance of $10,000 per month from July 2007 through December 2010, and in 2010, and health care benefits and cell phone service from July 2007 through December 2010.  Also under the contract as amended, Defendant was required to pay plaintiff his non-recoverable draw through the end of the contract term due to their constructive termination of him without cause.

46.     As described above, Plaintiff is informed and believe, and on that basis allege, that Defendants decided to stop providing the compensation, benefits, and scope of authority provided for in the 2007 Contract and 2010 Amendment.  Meridian failed to pay Plaintiff his housing allowance at any time after April 2008, failed to pay Plaintiff his non-recoverable draw at all for June, July, November, and December 2010, failed to pay Plaintiff his full non-recoverable draw for August,

COMPLAINT FOR DAMAGES AND EQUITABLE AND DECLARATORY RELIEF

1   September, and October 2010, and failed to provide Plaintiff his benefits such as cell phone and

2   health care in November and December 2010.  Defendant also materially altered Plaintiff's job duties

3   and deprived him of complete control over the Los Angeles Office.

4        47.     Plaintiff did all or substantially all of the significant things that his employment

5   contract with Meridian required him to do.  Meridian had no legitimate reason to fail to pay Plaintiff

6   his compensation and benefits during his employment.

7        48.     Meridian unfairly interfered with and frustrated Plaintiff's right to receive the benefits

8   of the contract by (a) deliberately and dishonestly failing to pay him his housing allowance, non-

9   recoverable draw, and benefits; and (b) materially changing the scope of his responsibilities as

10   Managing Director.

11        49.     As a direct and proximate result of Meridian's failure to deal fairly and in good faith

12   with Plaintiff, Plaintiff has suffered and is suffering damages in excess of the jurisdictional minimum

13   of this court, including attorneys' fees and costs.

14                                **THIRD CAUSE OF ACTION**

15                            **VIOLATION OF LABOR CODE §970**

16                                  **(Against All Defendants)**

17        50.     As a separate and distinct cause of action, Plaintiff re-alleges all the allegations in this

18   Complaint, and incorporates them by reference into this cause of action as though fully set forth

19   herein, excepting those allegations which are inconsistent with this cause of action.

20        51.     In or about July 2007, by means of oral communication, and a written offer of

21   employment, Defendants represented to Plaintiff that Defendants would employ Plaintiff as

22   Managing Director for Meridian's Los Angeles Office, without limitation, as follows:

23        •   Katz would have complete control of the L.A. Office – the office was his to do as

24            he saw fit;

25        •   A base salary increase of 75%, to $350,000 per year, to be renegotiated after one

26            year if net fees for the L.A. Office exceeded $4 million, or to be reduced to

27            $325,000 per year if the net fees were less than $4 million;

28        •   Commissions of 25 bps on loans originated and closed by Katz;

                                          13

- A Los Angeles Office override of 10 bps for the first $4 million in net fees collected, and 15 bps for net fees collected over $4 million (with these figures to be re-set annually);

- For the Texas Office that he was leaving, he would receive 25 bps for loans in the "pipeline" as of July 9, 2007;

- A discretionary bonus;

- Relocation expenses;

- A housing allowance of $10,000 per month "to provide you as close as possible with your existing level of comfort for your family of 5 and live-in housekeeper", to be renegotiated after one year;

- Up to a $20,000 security deposit on the rental of a home in California;

- Benefits similar to those he had under the 2006 Contract (e.g., health insurance, cell phone).

- Under the 2010 Amendment to the 2007 Contract, Katz would receive a non-recoverable draw of $500,000 per year.

52.     Defendants knew that the representations were false in that Plaintiff was not provided the full compensation or the authority he was told he would have, defendants never made an effort to fulfill the representations, and defendants unilaterally stopped paying the housing allowance and materially reduced the scope of Plaintiff's responsibilities shortly after his move to Los Angeles, California.

53.     Defendants further induced Plaintiff to stay in California and continue working by stating that they would pay the housing allowance at the end of the year in the form of a bonus. Defendants knew that this representation was false in that Plaintiff was not provided with the housing allowance at the end of the year.

54.     Defendants subsequently changed Plaintiff's compensation package to be a pure commissions basis, and continued to misrepresent the compensation and benefits to Plaintiff, stating that he could make a non-recoverable draw of $500,000.  However Defendants knew this

14

1   representation to be false in that they did not pay the draw to Plaintiff in July, August, November, or

2   December of 2010.

3        55.   Defendants used the misrepresentations to induce Plaintiff to change his employment,

4   a result defendants could not have achieved truthfully.

5        56.   In reliance on the representations and in ignorance of the falsity thereof, Plaintiff

6   changed his place of residence by moving with his family from Dallas, Texas to Los Angeles,

7   California, for the purpose of working for defendants as Managing Director.

8        57.   In or about July 2007, Plaintiff was hired by defendants to work in their Los Angeles

9   Office in accordance with said representations.  In or about July 2007 and continuing to December

10   2010, Plaintiff discovered said representations to be false in that Plaintiff was not provided the

11   authority, responsibilities or compensation and benefits as represented and Defendants subsequently

12   presented Plaintiff with an amended employment/compensation package.

13        58.   As a proximate result of the representations, Plaintiff was persuaded to move from the

14   State of Texas to the State of California, relinquish his a secure job with Meridian's Dallas Office,

15   sell his home in Texas, and first lease then purchase a house for the purpose of working for

16   Defendants, thereby incurring losses in the form of housing in the amount of $12,000 per month from

17   April 2008 though August 2008, lost equity in the Dallas, Texas house in an amount to be determined

18   at trial, lost equity in the California house of approximately $500,000, and lost compensation of at

19   least $130,000, and benefits in an amount to be determined at trial, plus lost commissions and

20   bonuses.

21        59.   The aforementioned conduct of defendants was an intentional misrepresentation,

22   deceit or concealment of a material fact known to the defendants with the intention of depriving

23   Plaintiff of property or legal rights or otherwise causing injury, and was despicable conduct that

24   subjected Plaintiff to cruel and unjust hardship in conscious disregard of Plaintiff's rights so as to

25   justify an award of exemplary and punitive damages, as well as double damages pursuant to Labor

26   Code section 972.

27                         **FOURTH CAUSE OF ACTION**

28          **WRONGFUL TERMINATION IN VIOLATION OF PUBLIC POLICY**

COMPLAINT FOR DAMAGES AND EQUITABLE AND DECLARATORY RELIEF

**(Against All Defendants)**

60.     As a separate and distinct cause of action, Plaintiff re-alleges all the allegations in this Complaint, and incorporates them by reference into this cause of action as though fully set forth herein, excepting those allegations which are inconsistent with this cause of action.

61.     Labor Code §970 is a fundamental, substantial well-established public policy of the State of California.

62.     In or about December 2010, defendants violated the public policy as codified in Labor Code §970 when Plaintiff was forced to resign in light of the material misrepresentations Defendants made to Plaintiff to induce him to move from Dallas, Texas, to Los Angeles, California.

63.     As a proximate result of the wrongful termination, Plaintiff has suffered and continues to suffer substantial losses in earnings, bonuses, deferred compensation, other employment benefits, expenses in seeking substitute employment and has caused Plaintiff to suffer and continue to suffer emotional distress, and anguish all to his damage in an amount according to proof.

64.     As a further proximate result of the wrongful termination, Plaintiff has been harmed in that he has suffered the intangible loss of such employment-related benefits of continued experience and skill in the position Plaintiff held and thereafter sought.

65.     Defendants committed the acts alleged herein maliciously, fraudulently, and oppressively, with the wrongful intention of injuring Plaintiff, and acted with an improper motive amounting to malice and in conscious disregard of Plaintiff's rights.

## FIFTH CAUSE OF ACTION

### FAILURE TO PAY WAGES (LC §§201, 218, 1194, 1197)

**(Against All Defendants)**

66.     As a separate and distinct cause of action, Plaintiff re-alleges all the allegations in this Complaint, and incorporates them by reference into this cause of action as though fully set forth herein, excepting those allegations which are inconsistent with this cause of action.

67.     Labor Code §1194 provides that employees are entitled to wages and compensation for work performed, at the legal minimum rate.  Labor Code §§ 1194(a) and 1194.2(a) provide that an employee who has not been paid the legal minimum wage as required by §1197 may recover the

16

1  unpaid balance together with attorney's fees and costs of suit, as well as liquidated damages in an
2  amount equal to the wages unpaid and interest thereon.  Labor Code §201 provides that employees
3  are entitled to wages and compensation for work performed at the time of discharge, and Labor Code
4  §203 provides for such payment upon resignation if notice is given or within 72 hours if notice is not
5  given.  Labor Code §218, 218.5, and 218.6 provide that an employee may recover the unpaid balance
6  together with attorney's fees and costs of suit, as well as interest thereon.

7       68.     Labor Code §200 defines wages as defines "wages" as including "all amounts for
8  labor performed by employees of every description, whether the amount is fixed or ascertained by the
9  standard of time, task, piece, commission basis, or other method of calculation. [¶] … 'Labor'
10  includes labor, work, or service whether rendered or performed under contract, subcontract,
11  partnership, station plan, or other agreement if the labor to be paid for is performed personally by the
12  person demanding payment."

13       69.     Defendants failed to pay Plaintiff his wages including but not limited to his non-
14  recoverable draw and commissions earned upon fees, either at the time they were earned or upon his
15  constructive discharge or resignation with notice, and continue to fail to pay Plaintiff said wages.

16       70.     Plaintiff is informed and believes, and based thereon alleges, that Defendants' regular
17  practice of requiring Plaintiff to work and not paying for that work according to the mandates of
18  California law is, and at all times herein mentioned was, in violation of Labor Code §§510 and 1194
19  and IWC Wage Order No. 4.  Defendants' employment policies and practices wrongfully and
20  illegally failed to compensate Plaintiff for all hours worked and overtime compensation earned, as
21  required by California law.

22       71.     Such a practice regarding illegal compensation as described herein is unlawful and
23  creates an entitlement to recovery by Plaintiff in a civil action, for the unpaid balance of the full
24  amount of straight time compensation and overtime premiums owing, including interest thereon,
25  penalties, reasonable attorneys' fees, and costs of suit according to the mandate of California Labor
26  Code §201, 202, and 218, *et seq.*

27                              **SIXTH CAUSE OF ACTION**
28                    **WAITING TIME WAGE CONTINUATION (LC §203)**

COMPLAINT FOR DAMAGES AND EQUITABLE AND DECLARATORY RELIEF

**(Against All Defendants)**

72.     As a separate and distinct cause of action, Plaintiff re-alleges all the allegations in this Complaint, and incorporates them by reference into this cause of action as though fully set forth herein, excepting those allegations which are inconsistent with this cause of action.

73.     Labor Code § 200 defines "wages" as "all amounts for labor performed by employees of every description, whether the amount is fixed or ascertained by the standard of time, task, piece, commission basis, or other method of calculation." Labor Code § 200 also defines "labor" as "labor, work, or service whether rendered or performed under contract, subcontract, partnership, station plan, or other agreement if the labor to be paid for is performed personally by the person demanding payment." The amounts due to Plaintiff as described above constitute "wages" as that term is defined under the Labor Code.

74.     Labor Code § 201 (a) provides that if an employer discharges an employee, the wages earned and unpaid at the time of discharge are due and payable immediately.

75.     Labor Code §203 provides that if an employer willfully fails to pay, without abatement or reduction, any wages of an employee who is discharged, the wages of the employee shall continue as a penalty from the due date thereof at the same rate until paid or for ; but these penalty wages shall not continue for more than thirty (30) days.

76.     The Defendants' failure to pay wages, as alleged above, including but not limited to the wages earned and unpaid at the time of termination, was willful in that the Defendants, and each of them, knew wages to be due but failed to pay them, thus entitling Plaintiff to wage continuation under Labor Code §§ 203, 1194, and 1194.2.

77.     Defendants have failed to pay Plaintiff a sum certain at the time of termination or within seventy-two hours of his resignation, and have failed to pay those sums for thirty (30) days thereafter. Pursuant to the provisions of the Labor Code § 203, Plaintiff is entitled to wage continuation in the amount of Plaintiff's daily wage multiplied by thirty (30) days.

78.     As a direct, foreseeable and proximate result of Defendants violation of Labor Code §§201 and 203, Plaintiff has suffered lost income in an amount according to proof. In addition, under

COMPLAINT FOR DAMAGES AND EQUITABLE AND DECLARATORY RELIEF

1    Labor Code § 203, Plaintiff is entitled to a "waiting time" penalty in an amount equivalent to 30 days

2    of wages.

3        79.     Additionally, as a result of Defendants' willful failure to pay Plaintiff amounts due,

4    Plaintiff is entitled to recover prejudgment interest on this unpaid amount pursuant to Labor Code

5    §218.6 and Civil Code § 3289, as well as reasonable attorneys' fees and costs pursuant to Labor Code

6    §§218.5 and 1194.

7                               **SEVENTH CAUSE OF ACTION**

8                  **VIOLATION OF BUSINESS & PROFESSIONS CODE §17200**

9                               **(Against All Defendants)**

10       80.     As a separate and distinct cause of action, Plaintiff re-alleges all the allegations in this

11   Complaint, and incorporates them by reference into this cause of action as though fully set forth

12   herein, excepting those allegations which are inconsistent with this cause of action.

13       81.     Plaintiff brings this cause of action against Defendants, and each of them, for unfair

14   business practices pursuant to Business and Professions Code § 17200 et seq.

15       82.     Plaintiff is a "person" within the meaning of Business and Professions Code §17204

16   and, therefore, has standing to bring this cause of action for restitution and other appropriate equitable

17   relief.

18       83.     Business and Professions Code § 17200 et seq., prohibits unlawful and unfair business

19   practices.

20       84.     The laws and the public policy of the State of California prohibit failing to pay wages

21   to a person for all hours worked.

22       85.     Defendants have violated statutes and public policies. Through the conduct alleged in

23   this Complaint, Defendants have acted contrary to these public policies, have violated specific

24   provisions of the Labor Code, including Labor Code § 2802, and have engaged in other unlawful and

25   unfair business practices in violation of Business & Profession Code §17200 et seq.; depriving

26   Plaintiff of rights, benefits, and privileges guaranteed to all employees under law.

27       86.     Defendants' conduct, as alleged hereinabove, constituted unfair business practices in

28   violation of § 17200 et seq. of the Business & Professions Code.

                                          19

87.     Defendants, by engaging in the conduct herein alleged, by failing to pay Plaintiff for all hours worked, and failing to maintain records of the hours worked by Plaintiff, either knew or in the exercise of reasonable care should have known that the conduct was unlawful. As such it is a violation of § 17200 et seq. of the Business and Professions Code.

88.     As a proximate result of the above mentioned acts of Defendants, Plaintiff is entitled to restitution in a sum as may be proven at the time of trial.

89.     Unless restrained by this Court, Defendants will continue to engage in the unlawful conduct as alleged above.  Pursuant to Business & Professions Code, this Court should make such orders or judgments, including the appointment of a receiver, as may be necessary to prevent the use or employment, by Defendants, their agents or employees, of any unlawful or deceptive practice prohibited by the Business & Professions Code, and/or including but not limited to, disgorgement of profits which may be necessary to restore Plaintiff the money Defendants have unlawfully failed to pay Plaintiff.

**EIGHTH CAUSE OF ACTION**

**DECLARATORY RELIEF**

**(Against All Defendants)**

90.     As a separate and distinct cause of action, Plaintiff re-alleges all the allegations in this Complaint, and incorporates them by reference into this cause of action as though fully set forth herein, excepting those allegations which are inconsistent with this cause of action.

91.     A dispute has arisen between Katz and Meridian relating to the legal rights, duties and obligations of said parties as described herein, including but not limited to Meridian's demand that Katz not compete with Meridian or solicit or communicate with Meridian's customers and contacts, and that Katz not use certain information.

92.     No adequate remedy, other than herein prayed for, exists by which the rights of the parties hereto may be determined.

93.     Plaintiff requests declaratory relief to prevent continuation of the conduct herein alleged, and to determine the rights, duties, and obligations of the parties to the contracts, specifically

COMPLAINT FOR DAMAGES AND EQUITABLE AND DECLARATORY RELIEF

1  in the form of an Order that the Confidentiality/Non-Solicitation/Non-Compete Agreement is invalid

2  and unenforceable pursuant to public policy and Business and Professions Code §16600.

3                              **PRAYER FOR RELIEF**

4          WHEREFORE, Plaintiff prays for judgment against Defendants as follows:

5          1)    For compensatory damages according to proof at time of trial;

6          2)    For general damages according to proof at time of trial;

7          3)    For exemplary and punitive damages;

8          4)    For penalties pursuant to Labor Code §972, or in the alternative, punitive

9                damages to be assessed against defendants;

10         5)    For waiting time penalties pursuant to Labor Code §203;

11         6)    For reasonable attorney's fees and costs pursuant to Labor Code §218.5;

12         7)    For prejudgment interest on all amounts claimed;

13         8)    For declaratory relief in the form of an Order that the Confidentiality/Non-

14               Solicitation/Non-Compete Agreement is invalid and unenforceable; and

15         9)    For such other and further relief as the Court deems just and proper.

16

17  Dated: December 22, 2010              HERNANDEZ SCHAEDEL & ASSOCIATES, LLP

18

19                                   By: _____
                                          Alexandra M. Steinberg
20                                        Attorneys for Plaintiff
                                          ALEX KATZ
21

22                              **DEMAND FOR JURY TRIAL**

23      Plaintiff hereby demands trial by jury on all issues so triable in the complaint.

24  Dated: December 22, 2010              HERNANDEZ SCHAEDEL & ASSOCIATES, LLP

25

26                                   By: _____
                                          Alexandra M. Steinberg
27                                        Attorneys for Plaintiff
                                          ALEX KATZ

28

COMPLAINT FOR DAMAGES AND EQUITABLE AND DECLARATORY RELIEF

# EXHIBIT C

ATTORNEY OR PARTY WITHOUT ATTORNEY *(Name, State Bar number, and address):*

Don A. Hernandez [SBN 1251191] | Alexandra M. Steinberg [SBN 227427]
HERNANDEZ SCHAEDEL & ASSOCIATES, LLP

2 N. LAKE AVE. #930
PASADENA  CA 91101
TELEPHONE NO.: 626-440-0022          FAX NO. *(Optional):* 626-628-1725

E-MAIL ADDRESS *(Optional):*
ATTORNEY FOR *(Name):*  PLAINTIFF

SUPERIOR COURT OF CALIFORNIA, COUNTY OF    LOS ANGELES
STREET ADDRESS:  111 N. HILL STREET
MAILING ADDRESS:  SAME AS ABOVE
CITY AND ZIP CODE:  LOS ANGELES, CA 90012
BRANCH NAME:  CENTRAL DISTRICT

FOR COURT USE ONLY

**FILED**
SUPERIOR COURT OF CALIFORNIA
COUNTY OF LOS ANGELES

JAN 2 1 2011

John A. Clar~~~~ ~~~~cutive Officer/Clerk
By _____ Deputy
GLORIETTA ROBINSON

PLAINTIFF/PETITIONER:  ALEX KATZ
DEFENDANT/RESPONDENT:  MERIDIAN CAPITAL GROUP, INC., etc.; et al.

**PROOF OF SERVICE OF SUMMONS**

CASE NUMBER:

BC452180   62

Ref. No. or File No.:
27047.txh

*(Separate proof of service is required for each party served.)*

1.  At the time of service I was at least 18 years of age and not a party to this action.
2.  I served copies of:

    a.  [✓]  Summons
    b.  [✓]  Complaint
    c.  [✓]  Alternative Dispute Resolution (ADR) package
    d.  [✓]  Civil Case Cover Sheet  *(served in complex cases only)*
    e.  [ ]  Cross-Complaint
    f.  [✓]  Other *(specify documents):*  Notice of Case Assignment-Unlimited Civil Case; Civil Case Cover Sheet Addendum and Statement of Location

3.  a.  Party served *(specify name of party as shown on documents served):*

    MERIDIAN CAPITAL GROUP, INC., a British Virgin Islands corporation

    b.  [✓]  Person (other than the party in item 3a) served on behalf of an entity or as an authorized agent (and not a person under item 5b on whom substituted service was made) *(specify name and relationship to the party named in item 3a):*

    CT Corporation System, Registered Agent for Service of Process, by leaving documents with Maria Sanchez, Process Specialist

4.  Address where the party was served: 818 W. 7th ST., #200 , LOS ANGELES , CA 90017

5.  I served the party *(check proper box)*

    a.  [✓]  **by personal service.** I personally delivered the documents listed item 2 to the party or person authorized to receive service of process for the party  (1) on *(date):* 12/30/2011      (2) at *(time):* 2:50 pm

    b.  [ ]  **by substituted service.** On *(date):*              at *(time):*            I left the documents listed in item 2 with or in the presence of *(name and title or relationship to person indicated in item 3):*

        (1)  [ ]  **(business)** a person at least 18 years of age apparently in charge at the office or usual place of business of the person to be served. I informed him or her of the general nature of the papers.

        (2)  [ ]  **(home)** a competent member of the household (at least 18 years of age) at the dwelling house or usual place of abode of the party. I informed him or her of the general nature of the papers.

        (3)  [ ]  **(physical address unknown)** a person at least 18 years of age apparently in charge at the usual mailing address of the person to be served, other than a United States Postal Service post office box.  I informed him or her of the general nature of the papers.

        (4)  [ ]  I thereafter mailed (by first-class, postage prepaid) copies of the documents to the person to be served at the place where the copies were left (Code Civ.Proc., § 415.20).  I mailed the documents on *(date):*            from *(city):*            **or** [ ]  a declaration of mailing is attached.

        (5)  [ ]  I attach a **declaration of diligence** stating actions taken first to attempt personal service.

Page 1 of 2

| PLAINTIFF/PETITIONER: ALEX KATZ | CASE NUMBER: |
|---|---|
| DEFENDANT/RESPONDENT: MERIDIAN CAPITAL GROUP, INC., etc.; et al. | BC452180 |

5.  c. ☐  **by mail and acknowledgment of receipt of service.** I mailed the documents listed in item 2 to the party, to the address shown in item 4, by first-class mail, postage prepaid,

      (1) on *(date):*                             (2) from *(city):*

      (3) ☐  with two copies of the *Notice and Acknowledgment of Receipt* and a postage-paid return envelope addressed to me. *(Attach completed Notice and Acknowledgement of Receipt).* (Code Civ. Proc., § 415.30.)

      (4) ☐  to an address outside California with return receipt requested.   (Code Civ. Proc., § 415.40.)

    d. ☐  **by other means** *(specify means of service and authorizing code section):*

        ☐  Additional page describing service is attached.

6. The "Notice to the Person Served" (on the summons) was completed as follows:

    a. ☐  as an individual defendant.

    b. ☐  as the person sued under the fictitious name of *(specify):*

    c. ☐  as occupant.

    d. ☑  On behalf of *(specify):*   MERIDIAN CAPITAL GROUP, INC., a British Virgin Islands corporation

        under the following Code of Civil Procedure section:

        ☑ 416.10 (corporation)              ☐ 415.95 (business organization, form unknown)

        ☐ 416.20 (defunct corporation)         ☐ 416.60 (minor)

        ☐ 416.30 (joint stock company/association)  ☐ 416.70 (ward or conservatee)

        ☐ 416.40 (association or partnership)     ☐ 416.90 (authorized person)

        ☐ 416.50 (public entity)             ☐ 415.46 (occupant)

                                     ☐ other:

7.  **Person who served papers**

    a.  Name: HIROYOSHI OKAZAKI

    b.  Address: PO Box 861057, Los Angeles, California 90086

    c.  Telephone number: (800) 994-5454

    d.  The fee for service was: $

    e.  I am:

      (1) ☐  not a registered California process server.

      (2) ☐  exempt from registration under Business and Professions Code section 22350(b).

      (3) ☑  registered California process server:

        (i) ☐ owner  ☐ employee  ☑ independent contractor.

        (ii)  Registration No.:6499

        (iii)  County: LOS ANGELES

8.  ☑  I declare under penalty of perjury under the laws of the State of California that the foregoing is true and correct.

    or

9.  ☐  I am a California sheriff or marshal and I certify that the foregoing is true and correct.

Date: 1/4/2011

HIROYOSHI OKAZAKI

(NAME OF PERSON WHO SERVED PAPERS/SHERIFF OR MARSHAL)

▶ _____

(SIGNATURE )

**POS-010**

| |
|---|

ATTORNEY OR PARTY WITHOUT ATTORNEY *(Name, State Bar number, and address):*
Don A. Hernandez (SBN 125119)
HERNANDEZ SCHAEDEL & ASSOCIATES
2 N. LAKE AVE., #930
PASADENA, CA 91101
TELEPHONE NO.: (626) 443-0033   FAX NO. *(Optional):* (626) 628-1725
E-MAIL ADDRESS *(Optional):*
ATTORNEY FOR *(Name):* PLAINTIFF

**FILED**
FOR RECORDER'S USE ONLY
SUPERIOR COURT OF CALIFORNIA
COUNTY OF LOS ANGELES

**JAN 2 1 2011**

John A. Clarke, Executive Officer/Clerk
By _____, Deputy
GLORIETTA ROBINSON

SUPERIOR COURT OF CALIFORNIA, COUNTY OF Los Angeles
STREET ADDRESS: 111 North Hill Street
MAILING ADDRESS: 111 North Hill Street
CITY AND ZIP CODE: Los Angeles, CA 90012
BRANCH NAME: Central District

PLAINTIFF/PETITIONER: ALEX KATZ

DEFENDANT/RESPONDENT: MERIDIAN CAPITAL GROUP,INC., etc. et al.

CASE NUMBER:
**BC 452 180**

**PROOF OF SERVICE OF SUMMONS**

Ref. No. or File No.:
HERSC 27084.jxa

*(Separate proof of service is required for each party served.)*

1. At the time of service I was at least 18 years of age and not a party to this action.
2. I served copies of:
   a. [✓] Summons
   b. [✓] Complaint
   c. [✓] Alternative Dispute Resolution (ADR) package
   d. [✓] Civil Case Cover Sheet *(served in complex cases only)*
   e. [ ] Cross-Complaint
   f. [✓] Other *(specify documents):* PLEASE SEE ATTACHED FOR ADDITIONAL DOCUMENTS
3. a. Party served *(specify name of party as shown on documents served):*
      MERIDIAN CAPITAL GROUP, LLC., a Limited Liability Company
   b. [✓] Person (other than the party in item 3a) served on behalf of an entity or as an authorized agent (and not a person under item 5b on whom substituted service was made) *(specify name and relationship to the party named in item 3a):*
      CT Corporation, Agent for Service of Process, by leaving documents with Fati Jairam, Process Specialist
4. Address where the party was served:
   111 EIGHT AVE., NEW YORK, NY 10011
5. I served the party *(check proper box)*
   a. [✓] by personal service. I personally delivered the documents listed in item 2 to the party or person authorized to receive service of process for the party (1) on *(date):* 1/6/2011   (2) at *(time):* 2:45pm
   b. [ ] by substituted service. On *(date):*   at *(time):*   I left the documents listed in item 2 with or in the presence of *(name and title or relationship to person indicated in item 3):*

      (1) [ ] **(business)** a person at least 18 years of age apparently in charge at the office or usual place of business of the person to be served. I informed him or her of the general nature of the papers.
      (2) [ ] **(home)** a competent member of the household (at least 18 years of age) at the dwelling house or usual place of abode of the party. I informed him or her of the general nature of the papers.
      (3) [ ] **(physical address unknown)** a person at least 18 years of age apparently in charge at the usual mailing address of the person to be served, other than a United States Postal Service post office box. I informed him or her of the general nature of the papers.
      (4) [ ] I thereafter mailed (by first-class, postage prepaid) copies of the documents to the person to be served at the place where the copies were left (Code Civ. Proc., § 415.20). I mailed the documents on *(date):*   from *(city):*   or [ ] a declaration of mailing is attached.
      (5) [ ] I attach a declaration of diligence stating actions taken first to attempt personal service.

Page 1 of 2

| PLAINTIFF/PETITIONER: ALEX KATZ | CASE NUMBER: |
|---|---|
| DEFENDANT/RESPONDENT: MERIDIAN CAPITAL GROUP,INC., etc. et al. | BC 452 180 |

5.  c.  ☐  **by mail and acknowledgment of receipt of service.** I mailed the documents listed in item 2 to the party, to the address shown in item 4, by first-class mail, postage prepaid,

      (1) on *(date)*:           (2) from *(city)*:

      (3) ☐ with two copies of the *Notice and Acknowledgment of Receipt* and a postage-paid return envelope addressed to me. *(Attach completed Notice and Acknowledgment of Receipt.)* (Code Civ. Proc., § 415.30.)

      (4) ☐ to an address outside California with return receipt requested. (Code Civ. Proc., § 415.40.)

  d. ☐ **by other means** *(specify means of service and authorizing code section):*

      ☐ Additional page describing service is attached.

6.  The "Notice to the Person Served" (on the summons) was completed as follows:
  a. ☐ as an individual defendant.
  b. ☐ as the person sued under the fictitious name of *(specify)*:
  c. ☐ as occupant.
  d. ☑ On behalf of *(specify)*: **MERIDIAN CAPITAL GROUP, LLC., a Limited Liability Company**
      under the following Code of Civil Procedure section:

      ☐ 416.10 (corporation)      ☐ 415.95 (business organization, form unknown)
      ☐ 416.20 (defunct corporation)      ☐ 416.60 (minor)
      ☐ 416.30 (joint stock company/association)      ☐ 416.70 (ward or conservatee)
      ☐ 416.40 (association or partnership)      ☐ 416.90 (authorized person)
      ☐ 416.50 (public entity)      ☐ 415.46 (occupant)
                    ☑ other: **a Limited Liability Company**

7.  **Person who served papers**
  a. Name: HENRY MOSS
  b. Address: P.O. Box 861057, Los Angeles, California  90086-1057
  c. Telephone number: (800) 994-5454
  d. The fee for service was: $
  e. I am:
      (1) ☑ not a registered California process server.
      (2) ☐ exempt from registration under Business and Professions Code section 22350(b).
      (3) ☐ registered California process server:
          (i) ☐ owner ☐ employee ☐ independent contractor.
          (ii) Registration No.:
          (iii) County:

8.  ☑  I declare under penalty of perjury under the laws of the State of California that the foregoing is true and correct.

    or

9.  ☐  I am a California sheriff or marshal and I certify that the foregoing is true and correct.

Date:  January 11, 2011

HENRY MOSS                    ▶ *Henry Moss*
_____         _____
(NAME OF PERSON WHO SERVED PAPERS/SHERIFF OR MARSHAL)     (SIGNATURE )

# ALEX KATZ

*vs.*

## MERIDIAN CAPITAL GROUP, INC., etc. et al.

### BC 452 180

### *"ADDITIONAL DOCUMENTS SERVED"*

- NOTICE OF CASE ASSIGNMENT – UNLIMITED CIVIL CASE
- CIVIL CASE COVER SHEET ADDENDUM AND STATEMENT OF LOCATION

HERSC 27084.jxa

# ACKNOWLEDGMENT

State of :: *New York*
County of *New York*

On *JAN· 12· 2011* before me, *DYON BOBB, NOTARY PUBLIC*
(insert name and title of the officer)

personally appeared *HENRY HOSS*
who proved to me on the basis of satisfactory evidence to be the person(s) whose name(s) is/are
subscribed to the within instrument and acknowledged to me that he/she/they executed the same in
his/her/their authorized capacity(ies), and that by his/her/their signature(s) on the instrument the
person(s), or the entity upon behalf of which the person(s) acted, executed the instrument.

I certify under PENALTY OF PERJURY under the laws of the State of *N Y* that the foregoing
paragraph is true and correct.

WITNESS my hand and official seal.

*Dyon Bobb*
*Notary Public, State of Ne...*
*No. 01BO618287*
*Qualified in Bron...*
*Commission Expires 3/1...*

Signature _____ (Seal)

---

DESCRIPTION OF THE ATTACHED DOCUMENT

_____
(Title or description of attached document)

_____
(Title or description of attached document continued)

Number of Pages _____ Document Date _____

_____
(Additional information)

---

CAPACITY CLAIMED BY THE SIGNER
- ☐ Individual (s)
- ☐ Corporate Officer
  _____
  (Title)
- ☐ Partner(s)
- ☐ Attorney-in-Fact
- ☐ Trustee(s)
- ☐ Other _____

# UNITED STATES DISTRICT COURT
# CENTRAL DISTRICT OF CALIFORNIA

### NOTICE OF ASSIGNMENT TO UNITED STATES MAGISTRATE JUDGE FOR DISCOVERY

This case has been assigned to District Judge Jacqueline Nguyen and the assigned discovery Magistrate Judge is Victor B. Kenton.

The case number on all documents filed with the Court should read as follows:

## CV11- 886 JHN  (VBKx)

Pursuant to General Order 05-07 of the United States District Court for the Central District of California, the Magistrate Judge has been designated to hear discovery related motions.

All discovery related motions should be noticed on the calendar of the Magistrate Judge

===========================================

### NOTICE TO COUNSEL

*A copy of this notice must be served with the summons and complaint on all defendants (if a removal action is filed, a copy of this notice must be served on all plaintiffs).*

Subsequent documents must be filed at the following location:

| | | |
|---|---|---|
| [X] **Western Division**<br>312 N. Spring St., Rm. G-8<br>Los Angeles, CA 90012 | [ ] **Southern Division**<br>411 West Fourth St., Rm. 1-053<br>Santa Ana, CA 92701-4516 | [ ] **Eastern Division**<br>3470 Twelfth St., Rm. 134<br>Riverside, CA 92501 |

*Failure to file at the proper location will result in your documents being returned to you.*

**UNITED STATES DISTRICT COURT, CENTRAL DISTRICT OF CALIFORNIA**
CIVIL COVER SHEET

**I (a) PLAINTIFFS** (Check box if you are representing yourself ☐)
ALEX KATZ

**DEFENDANTS**
MERIDIAN CAPITAL GROUP, INC., a British Virgin Island corporation; MERIDIAN CAPITAL GROUP, LLC, a limited liability company; and DOES 1 through 100, inclusive

**(b)** Attorneys (Firm Name, Address and Telephone Number. If you are representing yourself, provide same.)
Don A. Hernandez (SBN: 125119)
Alexandra M. Steinberg (SBN:227427)
HERNANDEZ, SCHAEDEL, & ASSOCIATES LLP
2 North Lake Avenue, Suite 903
Pasadena, California 91101

Attorneys (If Known)
BUCHALTER NEMER, PC: Kalley R, Aman (SBN: 217337)
1000 Wilshire Boulevard, Suite 1500, Los Angeles, CA 90017
MORRISON COHEN, LLP: Y. David Scharf
909 Third Avenue, New York, NY 10022

**II. BASIS OF JURISDICTION** (Place an X in one box only.)

☐ 1 U.S. Government Plaintiff
☐ 3 Federal Question (U.S. Government Not a Party)
☐ 2 U.S. Government Defendant
☒ 4 Diversity (Indicate Citizenship of Parties in Item III)

**III. CITIZENSHIP OF PRINCIPAL PARTIES** - For Diversity Cases Only
(Place an X in one box for plaintiff and one for defendant.)

| | PTF | DEF | | PTF | DEF |
|---|---|---|---|---|---|
| Citizen of This State | ☒ 1 | ☐ 1 | Incorporated or Principal Place of Business in this State | ☐ 4 | ☐ 4 |
| Citizen of Another State | ☐ 2 | ☐ 2 | Incorporated and Principal Place of Business in Another State | ☐ 5 | ☒ 5 |
| Citizen or Subject of a Foreign Country | ☐ 3 | ☐ 3 | Foreign Nation | ☐ 6 | ☐ 6 |

**IV. ORIGIN** (Place an X in one box only.)

☐ 1 Original Proceeding
☒ 2 Removed from State Court
☐ 3 Remanded from Appellate Court
☐ 4 Reinstated or Reopened
☐ 5 Transferred from another district (specify):
☐ 6 Multi-District Litigation
☐ 7 Appeal to District Judge from Magistrate Judge

**V. REQUESTED IN COMPLAINT: JURY DEMAND:** ☒ Yes ☐ No (Check 'Yes' only if demanded in complaint.)
**CLASS ACTION under F.R.C.P. 23:** ☐ Yes ☒ No     ☒ **MONEY DEMANDED IN COMPLAINT: $** 690,000.00

**VI. CAUSE OF ACTION** (Cite the U. S. Civil Statute under which you are filing and write a brief statement of cause. Do not cite jurisdictional statutes unless diversity.)

**VII. NATURE OF SUIT** (Place an X in one box only.)

| OTHER STATUTES | CONTRACT | TORTS PERSONAL INJURY | TORTS PERSONAL PROPERTY | PRISONER PETITIONS | LABOR |
|---|---|---|---|---|---|
| ☐ 400 State Reapportionment | ☐ 110 Insurance | ☐ 310 Airplane | ☐ 370 Other Fraud | ☐ 510 Motions to Vacate Sentence Habeas Corpus | ☐ 710 Fair Labor Standards Act |
| ☐ 410 Antitrust | ☐ 120 Marine | ☐ 315 Airplane Product Liability | ☐ 371 Truth in Lending | | ☐ 720 Labor/Mgmt. Relations |
| ☐ 430 Banks and Banking | ☐ 130 Miller Act | ☐ 320 Assault, Libel & Slander | ☐ 380 Other Personal Property Damage | ☐ 530 General | ☐ 730 Labor/Mgmt. Reporting & Disclosure Act |
| ☐ 450 Commerce/ICC Rates/etc. | ☐ 140 Negotiable Instrument | ☐ 330 Fed. Employers' Liability | ☐ 385 Property Damage Product Liability | ☐ 535 Death Penalty | ☐ 740 Railway Labor Act |
| ☐ 460 Deportation | ☐ 150 Recovery of Overpayment & Enforcement of Judgment | ☐ 340 Marine | **BANKRUPTCY** | ☐ 540 Mandamus/ Other | ☐ 790 Other Labor Litigation |
| ☐ 470 Racketeer Influenced and Corrupt Organizations | | ☐ 345 Marine Product Liability | ☐ 22 Appeal 28 USC 158 | ☐ 550 Civil Rights | ☐ 791 Empl. Ret. Inc. Security Act |
| ☐ 480 Consumer Credit | ☐ 151 Medicare Act | ☐ 350 Motor Vehicle | ☐ 423 Withdrawal 28 USC 157 | ☐ 555 Prison Condition | **PROPERTY RIGHTS** |
| ☐ 490 Cable/Sat TV | ☐ 152 Recovery of Defaulted Student Loan (Excl. Veterans) | ☐ 355 Motor Vehicle Product Liability | **CIVIL RIGHTS** | **FORFEITURE / PENALTY** | ☐ 820 Copyrights |
| ☐ 810 Selective Service | | ☐ 360 Other Personal Injury | ☐ 441 Voting | ☐ 610 Agriculture | ☐ 830 Patent |
| ☐ 850 Securities/Commodities/ Exchange | ☐ 153 Recovery of Overpayment of Veteran's Benefits | ☐ 362 Personal Injury- Med Malpractice | ☐ 442 Employment | ☐ 620 Other Food & Drug | ☐ 840 Trademark |
| ☐ 875 Customer Challenge 12 USC 3410 | ☐ 160 Stockholders' Suits | ☐ 365 Personal Injury- Product Liability | ☐ 443 Housing/Acco- mmodations | ☐ 625 Drug Related Seizure of Property 21 USC 881 | **SOCIAL SECURITY** |
| ☐ 890 Other Statutory Actions | ☒ 190 Other Contract | ☐ 368 Asbestos Personal Injury Product Liability | ☐ 444 Welfare | | ☐ 61 HIA(1395ff) |
| ☐ 891 Agricultural Act | ☐ 195 Contract Product Liability | | ☐ 445 American with Disabilities - Employment | ☐ 630 Liquor Laws | ☐ 862 Black Lung (923) |
| ☐ 892 Economic Stabilization Act | ☐ 196 Franchise | **REAL PROPERTY** | | ☐ 640 R.R. & Truck | ☐ 863 DIWC/DIWW 405(g)) |
| ☐ 893 Environmental Matters | **REAL PROPERTY** | ☐ 210 Land Condemnation | ☐ 446 American with Disabilities - Other | ☐ 650 Airline Regs | ☐ 864 SSID Title XVI |
| ☐ 894 Energy Allocation Act | ☐ 210 Land Condemnation | ☐ 220 Foreclosure | ☐ 440 Other Civil Rights | ☐ 660 Occupational Safety /Health | ☐ 865 RSI (405(g)) |
| ☐ 895 Freedom of Info. Act | ☐ 220 Foreclosure | ☐ 230 Rent Lease & Ejectment | **IMMIGRATION** | ☐ 690 Other | **FEDERAL TAX SUITS** |
| ☐ 900 Appeal of Fee Determi- nation Under Equal Access to Justice | ☐ 230 Rent Lease & Ejectment | ☐ 240 Torts to Land | ☐ 462 Naturalization Application | | ☐ 870 Taxes (U.S. Plaintiff or Defendant) |
| ☐ 950 Constitutionality of State Statutes | ☐ 240 Torts to Land | ☐ 245 Tort Product Liability | ☐ 463 Habeas Corpus- Alien Detainee | | ☐ 871 IRS-Third Party 26 USC 7609 |
| | ☐ 290 All Other Real Property | | ☐ 465 Other Immigration Actions | | |

**CV11   0886**

**FOR OFFICE USE ONLY:**   Case Number:

AFTER COMPLETING THE FRONT SIDE OF FORM CV-71, COMPLETE THE INFORMATION REQUESTED BELOW.

CV-71 (05/08)     CIVIL COVER SHEET     Page 1 of 2

American LegalNet, Inc.
www.FormsWorkflow.com

### UNITED STATES DISTRICT COURT, CENTRAL DISTRICT OF CALIFORNIA
#### CIVIL COVER SHEET

---

**III(a). IDENTICAL CASES:** Has this action been previously filed in this court and dismissed, remanded or closed?  ☒ No ☐ Yes

If yes, list case number(s):

**III(b). RELATED CASES:** Have any cases been previously filed in this court that are related to the present case?  ☒ No ☐ Yes

If yes, list case number(s):

Civil cases are deemed related if a previously filed case and the present case:

Check all boxes that apply)  ☐ A. Arise from the same or closely related transactions, happenings, or events; or
☐ B. Call for determination of the same or substantially related or similar questions of law and fact; or
☐ C. For other reasons would entail substantial duplication of labor if heard by different judges; or
☐ D. Involve the same patent, trademark or copyright, and one of the factors identified above in a, b or c also is present.

---

**X. VENUE:** (When completing the following information, use an additional sheet if necessary.)

a)   List the County in this District; California County outside of this District; State if other than California; or Foreign Country, in which **EACH** named plaintiff resides.
☐   Check here if the government, its agencies or employees is a named plaintiff. If this box is checked, go to item (b).

| County in this District:* | California County outside of this District; State, if other than California; or Foreign Country |
| --- | --- |
| Los Angeles County | |

b)   List the County in this District; California County outside of this District; State if other than California; or Foreign Country, in which **EACH** named defendant resides.
☐   Check here if the government, its agencies or employees is a named defendant. If this box is checked, go to item (c).

| County in this District:* | California County outside of this District; State, if other than California; or Foreign Country |
| --- | --- |
| | County of New York, State of New York, British Virgin Islands |

(c)   List the County in this District; California County outside of this District; State if other than California; or Foreign Country, in which **EACH** claim arose.
     **Note: In land condemnation cases, use the location of the tract of land involved.**

| County in this District:* | California County outside of this District; State, if other than California; or Foreign Country |
| --- | --- |
| | County of New York, State of New York |

---

**\* Los Angeles, Orange, San Bernardino, Riverside, Ventura, Santa Barbara, or San Luis Obispo Counties**
Note: In land condemnation cases, use the location of the tract of land involved

X. SIGNATURE OF ATTORNEY (OR PRO PER):   *Kallee Amar*   Date January 27, 2011

---

**Notice to Counsel/Parties:** The CV-71 (JS-44) Civil Cover Sheet and the information contained herein neither replace nor supplement the filing and service of pleadings or other papers as required by law. This form, approved by the Judicial Conference of the United States in September 1974, is required pursuant to Local Rule 3 -1 is not filed but is used by the Clerk of the Court for the purpose of statistics, venue and initiating the civil docket sheet. (For more detailed instructions, see separate instructions sheet.)

---

CV-71 (05/08)                                  **CIVIL COVER SHEET**                                  Page 2 of 2

American LegalNet, Inc.
www.FormsWorkflow.com

y to Statistical codes relating to Social Security Cases:

| Nature of Suit Code | Abbreviation | Substantive Statement of Cause of Action |
|---|---|---|
| 861 | HIA | All claims for health insurance benefits (Medicare) under Title 18, Part A, of the Social Security Act, as amended. Also, include claims by hospitals, skilled nursing facilities, etc., for certification as providers of services under the program. (42 U.S.C. 1935FF(b)) |
| 862 | BL | All claims for "Black Lung" benefits under Title 4, Part B, of the Federal Coal Mine Health and Safety Act of 1969. (30 U.S.C. 923) |
| 863 | DIWC | All claims filed by insured workers for disability insurance benefits under Title 2 of the Social Security Act, as amended; plus all claims filed for child's insurance benefits based on disability. (42 U.S.C. 405(g)) |
| 863 | DIWW | All claims filed for widows or widowers insurance benefits based on disability under Title 2 of the Social Security Act, as amended. (42 U.S.C. 405(g)) |
| 864 | SSID | All claims for supplemental security income payments based upon disability filed under Title 16 of the Social Security Act, as amended. |
| 865 | RSI | All claims for retirement (old age) and survivors benefits under Title 2 of the Social Security Act, as amended. (42 U.S.C. (g)) |

CV-71 (05/08)                                    CIVIL COVER SHEET

American LegalNet, Inc.
www.FormsWorkflow.com